FILED

JAN 20 2023

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

RECEIVED

2023 JAN 20 P 1: 42

CLERK, US DISTRICT COURT
NO. DIST. OF CA.

HERMAN HOLLAND, JR.
6748 Banning Drive
Oakland, CA 94611
415-577-4499
Plaintiff In PRO SE

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

HERMAN HOLLAND, JR.

  Plaintiff, IN PRO SE,

vs.

WHOLE FOODS MARKET, INC. et al.,

  Defendant(s)
  DOES 1 – 100

CV 23- 0325 HSG

Case No.

**PLAINTIFF'S COMPLAINT FOR
EMPLOYMENT DISCRIMINATION**

DEMAND FOR JURY TRIAL

Judge:

_____/

Plaintiff HERMAN HOLLAND, JR., alleges:

1.  The Parties to This Complaint:

  A.  Plaintiff(s) HERMAN HOLLAND, JR,

  B.  Defendant(s) WHOLE FOODS MARKET, INC., et al.,

2.  Place of Employment:

  The address at which I was employed by the defendant is:

  Whole Foods Market, Inc., 1025 Gilman Street, Berkeley, CA 94710

<u>JURISDICTION AND VENUE</u>

3.  Plaintiff Herman Holland, Jr. ("Holland") In Pro Se, who is not represented by an

attorney.  My case belongs in federal court.  The Court has jurisdiction over this action under 42

1.

U.S.C. 2000e-5(f) and 28 U.S.C. 1345.  The Venue is appropriate in this Court because all of the events alleged in my complaint that I am suing about happened in this district.

4.    This action is brought on by Plaintiff Herman Holland, Jr. for discrimination in employment pursuant to and to enforce the provision of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C., 2000e to 2000e-17, et seq. ("Title VII") (race, color, gender, religion, national origin).  Americans with Disabilities Act of 1990, as codified 42 U.S.C. 12112 to 12117., and or any other federal law, relevant state law and any relevant city or county law that is unknown to Plaintiff, who is suing the Defendant In Pro Se.

5.    Defendant, Whole Foods Market, Inc., ("Whole Foods Market" aka "WFM") is a Brick and Mortar Big Box Grocery Store and an online E-commerce Company doing business pursuant to the laws of the State of California.

6.    Whole Foods Market, Inc., is a "person" within the meaning of 42 U.S.C. 2000e(a) and an "employer" within the meaning of 42 U.S.C. 2000e(b).

7.    Plaintiff Herman Holland, Jr. filed a timely "Charge of Discrimination and Retaliation" with U.S. Equal Employment Opportunity Commission ("EEOC"), California Department of Fair Employment and Housing ("DFEH"), Charge No. 555-2022-02313 on or about October 17, 2022.  A true and correct copy of Plaintiff's "Statement of Facts" submitted to the "EEOC" is attached to Plaintiff's "Complaint for Employment Discrimination" as Exhibit "A" and "Charge of Discrimination" is attached as Exhibit "B".

8.    The "EEOC" issued a "Notice of Right to Sue", dated October 26, 2022, which I received on October 26, 2022.  A true and correct copy of the "Notice of Right to Sue" is attached to Plaintiff's "Complaint for Employment Discrimination" as Exhibit "C".

<u>STATEMENT OF CLAIM</u>

9.    a.    The discriminatory conduct of which I complain in this action includes:

Failure to accommodate Plaintiff's disability work accommodation that passed from

2.

Amazon, Inc to Whole Foods Market, Inc. per a Transition Agreement, wage and hour violations, wage loss, workplace harassment and workplace retaliation based on Plaintiff's reported verbal and written complaints filed with Whole Foods Market's HR/Team Member Services Mrs. Helen Hooton Espinosa and Ms. Laura Slabon, Whole Foods Market Management/Store Team Leader Mr. Shawn Marshall, Whole Foods Market E-Comm Team Leader Mr. Ryan Roblete, Whole Foods Market E-Comm Assistant Team Leader Mr. Alex Tiegreen, and Whole Foods Market E-Comm Supervisor Mr. Luke Anderson and many other Whole Foods Market Leadership Team Members were informed of Plaintiff's complaints of harassment, retaliation, wage and hour violations, wage loss and wrongfully termination of Plaintiff's employment.

b.   Plaintiff's best recollection that the alleged discriminatory acts occurred on dates(s) August 03, 2022, August 11, 2022, August 15, 2022, August 24, 2022, Sept. 01 and 02, 2022, September 08, 2022, September 29, 2022, October 06, 2022, October 27, 2022, October 29, 2022, October 31, 2022, November 01, 2022, November 02, 2022 and November 05, 2022.

c.   Plaintiff Holland believes that Defendant(s) were still committing these acts against him up to November 05, 2022.

d.   Defendant(s) discriminated against Plaintiff based on his race, "African American" and medical disabilities including but not limited to "Legal Blindness", Plaintiff's age of 72 years old, who is legally blind in his Left Eye, Severe Glaucoma in Right Eye, Type Two Diabetes and suffers with Hypertension/High Blood Pressure.

<u>CAUSE OF ACTION</u>

10.   Plaintiff Holland began his employment on the written record with Defendant Whole Foods Market, Inc., on July 18, 2022, but his first day officially on the job working for Whole Foods Market was August 09, 2022.  Plaintiff continued to work from July 18, 2022 for

Amazon, Inc. at Whole Foods Market and his last day of employment with Amazon, Inc. was August 08, 2022.

11.     Plaintiff Holland was hired as a E-commence Shopper for WFM, Inc. located at 1025 Gilman Street, Berkeley, CA, per an Amazon, Inc. Transition Agreement that Plaintiff signed on July 10, 2022.  Plaintiff Holland was employed by Amazon, Inc. as an E-commence Shopper, Plaintiff's work location was at the Gilman Street Whole Foods Market as of November 26, 2019, until Amazon, Inc. decided in June of 2022 to transfer the E-commence Online Shopping Business to Whole Foods Market, Inc.  Per the Transition Agreement which was prepared by Amazon's Legal and Accommodation Department, Amazon's Employees could Opt In or Opt Out, and after Plaintiff's meeting with Mrs. Kelli Takikawa, Whole Foods Market Transition Team Member, Plaintiff was told that all of his Accommodations would transfer over to Whole Foods Market, so Plaintiff agreed to Opt In.   Those verbal statements and written Transition Agreement was misrepresented by Whole Foods Market Transition Team, when they failed to granted my accommodations, based on my medical disabilities.  This was a breach of contract on behalf of Defendant Whole Foods Market, Inc., Defendants never planned to honor that Transition Agreement and Whole Foods Market Leadership out right lied to all of Amazon's Employees, who agreed to Opt In.

After August 08, 2022, all the Amazon's Employees with Accommodations were told that they need to apply for a new Whole Foods Market, Accommodation.  If the Defendant's would have been honest, truthful and transparent Plaintiff Holland would not have transition to go to work for Whole Foods Market, their dishonesty, discrimination, harassment and retaliation caused Plaintiff Holland to bring this lawsuit and suffer emotional distress that Plaintiff had to endured for the short period of time that Plaintiff worked for Whole Foods Market.  Based on the work scheduling games WFM played on Plaintiff Holland the last day he work was October 27, 2022.

Plaintiff refused to apply for a Whole Foods Market, Accommodation, so Whole Foods Market

Management/Leadership and WFM/HR Team Member Services agreed to grant Plaintiff his

accommodation, then the Defendant's turn around and denied his pre-set work schedule

accommodation, the harassment started, the retaliation started, on August 24, 2022, Defendant's

even accused Plaintiff of stealing 59 mins. work hours, which was not true and Mr. Marshall,

WFM Store Team Leader and Ms. Laura Slabon, WFM Team Member Services both illegally

interrogated Plaintiff like he was a criminal without an Attorney present on his behalf, Mr.

Marshall and Ms. Slabon both separately recording the interrogation on their WFM Laptops,

without giving Plaintiff notice of the recording and without requesting Plaintiff's permission to

record the interrogation.  Defendant's investigation was unable to prove their allegations.

WFM Leadership and WFM/HR Team Member Services conspired to wrongfully terminate

Plaintiff's employment, by sending Plaintiff Holland, an email dated October 31, 2022, that

said Defendant would begin to process Plaintiff's separation papers.  On November 05, 2022,

Plaintiff received at his home via UPS Delivery Services, several documents, #1. Team Member

Separation Form and #2. Notice to Employee as to Change in Relationship, dated

November 01, 2022, dated and signed by Whole Foods Market Employee Gregory Magnuson,

who's title is listed as Store Team Leader, which is not true, because Gilman WFM Store Team

Leader is Mr. Shawn Marshall not Mr. Gregory Magnuson, the documents stated that Plaintiff

"Voluntarily Quit, Voluntary Resignation - Personal, effective November 02, 2022,

with an explanation stating that, "Herman resigned for personal reasons."

On November 07, 2022, Plaintiff wrote Defendants a letter stating "Disputed Material

Facts, stated in the Notice of Voluntary Resignation", that Plaintiff Holland, in fact did not

"Resign or Quit", that Plaintiff Holland, was Wrongfully Terminated by Defendant Whole

Foods Market, Inc., and Plaintiff Holland did not sign the documents, was not asked to sign the

documents and where Plaintiff was suppose to sign, Mr. Magnuson wrote "TM Unavailable To

Sign".  Plaintiff Holland would not have signed this bogus document at anytime, Plaintiff did

not ask Mrs. Helen Hooton Espinosa, WFM/HR Team Member Services to prepare separation

papers as she stated and also falsely stated that Plaintiff ask her to investigate Ryan Poblete,

WFM E-Comm Team Leader as to why Mr. Poblete was not granting Plaintiff his pre-set work

accommodation schedule, as Mrs. Espinosa stated in her October 31, 2022, email to Plaintiff,

this is a Disputed Material Fact Plaintiff Herman Holland, Jr. did not Quit or Resign, these fake

documents were falsely prepared by Helen Hooton Espinosa, it was all lies, Plaintiff did not ask

Mrs. Espinosa to investigate Mr. Poblete, because it was Mrs. Espinosa who was instructing Mr.

Poblete to not grant Plaintiff's pre-set work accommodation after agreeing to grant Plaintiff's

accommodation in a face to face meeting with Mrs. Espinosa and Ryan Poblete on September

01, 2022, and was put in writing on September 02, 2022 by Mrs. Espinosa and emailed to

Plaintiff on the same day.

Mrs. Espinosa, WFM/HR Team Member Services, did not sign any of these falsely prepared

documents, but had Mr. Gregory Magnuson, WFM Team Member to sign and served Plaintiff

via UPS on November 05, 2022, with copies of the bogus documents to protect herself from

fraud.

12.     Mrs. Espinosa was furious with Plaintiff, she was a powerful woman who was use to

having WFM Employees do what ever she said, she demanded that all Amazon Employees

with existing accommodations that transition to WFM apply for new WFM Accommodations,

which in Plaintiff's opinion was against the law and a breach of contract, so she could denied

those accommodation, and demand that each new WFM E-Comm Shopper cross-train for other

position at WFM, she even had one of the transition E-Comm Shopper, cross-trained to cleaning

restrooms, another was cross-trained to become a grocery bagger, another was cross trained to

the meat department, so here is where true retaliation started Mrs. Espinosa came up with a new

plan for Plaintiff Holland, in the September 01, 2022, meeting after agreeing to grant Plaintiff

his accommodation and Mr. Poblete agreed to schedule Plaintiff to work every Tuesday, Wednesday and Thursday,  Mrs. Espinosa said to Plaintiff I have one condition that Plaintiff was agree to cross train for a different position other than as a WFM Shopper, this would be Plaintiff's punishment, Plaintiff was told to meet again on September 08, 2022, Mrs. Espinosa said regarding moving Plaintiff to the Meat Department.  When Plaintiff met with Kelli Takikawa, WFM Transition Team Member in June 0f 2022, Mrs. Takikawa told Plaintiff, WFM Leadership may ask you to cross-train for a different position, Mrs. Takikawa said remember this is only a request, it is not a demand, you say no thank you, I will remain a E-Comm Shopper.  On September 08, 2022, Plaintiff met with Mrs. Espinosa and Mr. Lorenzo Guerrero, WFM Assistant Store Team Leader, Mrs. Espinosa requested that Plaintiff agree to cross-train, Plaintiff asked Mrs. Espinosa if it was a request or a demand and Mrs. Espinosa said it was a request and not a demand.  Plaintiff said no, he did not agree to cross train and he would remain a WFM Shopper only.  Mrs. Espinosa said she was not sure they would have work for me and if there was no work, they would send me home without pay.  Plaintiff informed Mrs. Espinosa that her actions were retaliatory, discriminatory and a wage and hour violation, and I would be forced to file a complaint with the EEOC or the California Labor Board.  After that meeting on September 28, 2022, Plaintiff was forced to work in a hostile work environment, suffer constant harassment, constant retaliation, wage and hour violation and violation of Plaintiff's civil rights.  Mr. Poblete, WFM E-Comm Team Leader refused to post Plaintiff's accommodation schedule for Tuesday, Wedesday and Thursday, 10:30 am to 3:30 pm, for a total 5 hours per shift, as he had agreed to on September 01, 2022.  Mr. Poblete starting giving Plaintiff one or two 4 hour shifts a week and some weeks not scheduling Plaintiff for work at all, which was Mrs. Espinosa inflicting emotional pain and wage loss on Plaintiff, who went from working 60 hours a month while working for Amazon doing the same job since November 26, 2019, to working 12 to 16 hours or less per month once Plaintiff started working

for WFM on August 09, 2022, until he was wrongfully terminated effective November 02, 2022 by WFM Leadership and Helen Hooton Espinosa, WFM/HR Team Member Services, which was clearly an aggressive act of retaliation against Plaintiff Holland.

13.     Plaintiff Holland was responsible to shop on behalf Defendant Whole Foods Market for Amazon's Prime Member Customers and Plaintiff's duties were to Pick, Pack and Stage the bagged items on metal shelves, or in refrigerators and freezers for Amazon's Delivery Drivers to pick up and deliver to the customers.  Amazon, Inc. owns Defendant Whole Foods Market, Inc., even though Amazon, Inc. transferred the online shopping business to Defendant Whole Foods Market, Inc., whereas Amazon's employees became Whole Foods Market employees.

14.     Due to Plaintiff's medical disabilities he requested from Amazon Inc. a "Work Accommodation" for a set schedule that was granted on June 24, 2020, stating that Plaintiff would work every Tuesday, Wednesday and Thursday from 10:30 am to 3:30 pm., and the accommodation had no end date or re-evaluation clause, it was continuance during Plaintiff's employment.

15.     Defendant Whole Foods Market's failure to accommodate Plaintiff's disability per the Transition Agreement known as the "Notice and Authorization for Use or Disclosure of Health and Other Personal Information" that stated "I, Herman Holland, Jr., hereby authorize Amazon to disclose my health information and other personal information (as described and limited below) to Whole Foods Market ("WFM") in connection with my transfer of employment from Amazon to WFM.  In particular, the records that may be transferred to WFM are my workplace accommodations records, records related to workplace health and safety incidents, and workers' compensation case files, if any, all of which may include medical records such as doctors' notes, injury reports, records of first aid, records of accommodations and work restrictions, and records of health history, physical or mental examinations, conditions, diagnoses or prognoses, notes, prescriptions, drug tests, and any and all other health information or records regarding my

8.

health or treatment.  I understand that Amazon will transfer these records to WFM for the sole and exclusive purpose of obviating the need for WFM to separately collect this information from me in connection with my transfer of employment, for use by WFM in the context of my employment, and for no other purpose."……….. "This Authorization is voluntary and I may refuse to sign it.  However, if I do not sign the Authorization, I understand that WFM may request this information directly from me."  Plaintiff Holland signed the Authorization on July 10, 2022 and complied with the transfer and transition from Amazon to Whole Foods Market.

16.     On August 03, 2022 and August 04, 3022 per Mrs. Kelli Takikawa, WFM Transition Team Member's emails to Plaintiff Holland, Mrs. Takikawa confirmed that his work accommodations and medical records were transferred from Amazon, Inc. to Whole Foods Market Team Member Services per a work transition agreement that was signed by Plaintiff on July 10, 2022.

17.     On August 03, 2022, Whole Foods Market Employee Alex Tiegreen, WFM E-Commence Assistant Team Leader, discriminated against Plaintiff when she stated that Plaintiff Holland needed to request a new accommodation from Whole Foods Market.  Whole Foods Market Team Member Services denied having received Plaintiff's accommodations and medical records from Amazon, Inc. which was a false statement.

18.     From August to September 2022, Defendant Whole Foods Market systematically harassed Plaintiff by using Assistant Leadership as spies to following his every move, report back if he talked to his co-workers, approach Plaintiff on the Shopping floor to inform him that he needed to report to the Store Team Leader and E-Comm Store Team Leader to discuss why he was talking to a co-worker, saying that he was stopping them from doing try job, which was not true, a pattern and practice of constant harassment, video surveillance and interrupt from

doing his job and retaliation for standing up for his Civil Rights, because he complained to his employer Whole Foods, about on the job discrimination for failure to honor and grant his accommodations transferred and transitioned from Amazon to Whole Foods Market.

19.    It got so bad WFM would not allow Plaintiff to work a 4 hours shift that scheduled him to work, demanding that he watch training video instead of performing duties as a WFM Shopper, thereby causing him to suffer eye fatigue and temporary loss of vision, and when he complained to WFM Leadership, he was told if you don't watch the videos, go home without pay, which caused Plaintiff to suffer emotional distress and physical eye pain.

20.    Plaintiff suffered employment discriminated from WFM due to his disabilities, age, race, color (African American/Black) and was retaliated against for participating in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.  Plaintiff further believe that he was being denied reasonable accommodations in violation of Title I of the (ADA) Americans with Disabilities Act of 1990, as amended and (ADEA) Age Discrimination Employment Act, as amended.

21.    On September 28, 2022, Plaintiff filed an EEOC Inquiry, Charge Number 555-2022-02313 as a complaint against Whole Foods Market, Inc. for a charge of employment discrimination and a Request for Right to Sue his employer Whole Foods Market, a Notice of Right to Sue was granted and issued on October 26, 2022.

22.    Whole Foods Market ratified Mrs. Helen Hooton Espinosa, Mr. Shawn Marshall and Ryan Poblete and all other WFM Leadership Team Members actions, Mr. Holland has suffered damages, including but not limited to emotional distress, loss of wages and enjoyment of life.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Herman Holland, Jr. prays that this Court grant the following relief:

a.     Award non-economic damages and economic damages of $300,000.00 to Plaintiff Herman Holland, Jr. to fully compensate him for pain and suffering and loss of wages caused by

10.

1   Whole Foods Market's discriminatory conduct alleged in this Complaint, pursuant to and within

2   the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C., 1981a; and

3   Punitive Damages.

4   b.      Plaintiff Holland is In Pro Se and is not presently represented by an "Attorney", but is

5   actively seeking to hire an "Attorney" to represent him in this action, said "Attorney" would file

6   a "Substitution of Attorney" with the Court and Plaintiff Holland would ask the Court to

7   "Award" such additional relief in the form of  "Attorney Fees and Costs and Disbursements" in

8   this action.

9   c.      Plaintiff Holland also ask the Court to "Award" him all previous costs incurred by him

10  before hiring an "Attorney".

11

12                              <u>JURY DEMAND</u>

13  Plaintiff Holland hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of

14  the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42

15  U.S.C., 1981a.

16

17                                                  Respectfully submitted,

18  DATED:  January 20, 2023

19

20  *Herman Holland, Jr.*

21  HERMAN HOLLAND, JR.
    Plaintiff IN PRO SE

22

23

24

25

26

27

28

                              11.

# EXHIBIT A

EEOC (Inquiry) Number: **555-2022-02313**

## Inquiry Information

## INQUIRY OFFICE

**Receiving:** Oakland Local Office

**Accountable:** Oakland Local Office

## POTENTIAL CHARGING PARTY

**Name:** Mr. Herman Holland Jr.

**Address:** 6748 Banning Drive
OAKLAND, CA 94611

**Year of Birth:** 1950

**Email Address:** hermholland2@gmail.com

**Phone Number:** 415-577-4499

## POTENTIAL CHARGING PARTY'S DEMOGRAPHICS

**Gender:** M

**Disabled?** I have a disability

**Are you Hispanic or Latino?** not hispanic or latino

**Ethnicity:** Black or African American,

**National Origin:** American(U.S.)

## RESPONDENT/Employer

**Organization Name:** Whole Foods Market

**Type of Employer:** Business or non-profit organization that I applied to, work for, or worked for

**Number of Employees:** 20 or more employees

**Address:** 1025 Gilman Street
BERKELEY, CA 94710

**County:** Alameda

**Phone Number:**

## LOCATION OF POTENTIAL CHARGING PARTY'S EMPLOYMENT

**Address:**

**County:**

## RESPONDENT CONTACT

**Name:** Whole Foods Market

**Email Address:**

**Phone Number:**

**Title:**

## REASON(S) FOR CLAIM

**Date of Incident (Approximate):** 08/09/2022

**Reason for Complaint:** Race, Age - I am 40 years of age or older, Color, Disability, Retaliation - I complained to my employer about job discrimination

**Pay Disparity:**

**Location of Incident:** California

**Submission (initial inquiry) Date**  09/28/2022

**Claim previously filed as charge with EEOC?** No

**Approximate Date of Filing:**

**Charge Number:** 555-2022-02313

**Claim previously filed as complaint with another Agency?** No

**Agency Name:**

**Approximate Date of Filing:**

**Nature of Complaint:**

## Adverse Action(s)

As of 08-09-22 my new employer Whole Foods Market was a transition position of Shopper from Amazon to Whole Foods.  Amazon transferred it's owner of it In-Store operations for the Whole Foods Market on Amazon (WFMoA) program to Whole Foods Market in my store 1025 Gilman Street, Berkeley, CA .

On August 03, 2022, my accommodation and medical records were transferred to Whole Foods and Whole Foods is denying me approved accommodations.  Whole Foods is retaliating, harassing and discriminating against Mr. Holland based on his disabilities, age, race.  Whole Foods is not allowing him to work and not placing him on his approved schedule to work every Tuesday, Wednesday and Thursday, from 10:30 am to 3:30 pm.  And when he does have a schedule shift making him watch training videos instead of performing duties as a WFM Shopper.

## APPOINTMENT

**Appointment Date and time:**

**Interview Type:**

**APPROXIMATE DEADLINE FOR FILING A CHARGE:** 06/06/2023

## Supplemental Information

### What Reason(s) were you given for the action taken against you?

No reason has been given

### Was anyone in a similar situation treated the same, better, or worse than you?

I'm only Whole Foods Market Shopper who has an accommodation that is an approved set schedule that work every Tuesday, Wednesday and Thursday form 10:30 am to 3:30 pm and Whole Foods Market is refusing to let me work based on my accommodation.

### Please provide name(s) and email and/or phone number of anyone who will support your claim, and briefly describe the information this person will provide.

Kelli Takikawa:  kelli.takikawa@wholefoods.com

Axel Huete:  accommodation@amazon.com

My accommodations transferred from Amazon to Whole Foods Market on August 03, 2022

### Please tell us any other information about your experience?

Kelli Takikawa - WFM Transition Team Member told me on or about April 16, 2022, that my accommodations would transfer from my previous employer Amazon, who owns Whole Foods Market, that my job as an Amazon Shopper was transiting from Amazon to Whole Foods Market and that as a Whole Foods Shopper my accommodations would transfer, my first day of work started August 09, 2022, Whole Foods is denying me my accommodations and not allowing me to wotk my set schedule for Tuesday, Wednesday and Thursday from 10:30 am to 3:30 pm

# EXHIBIT B



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### CHARGE OF DISCRIMINATION

For Official Use Only – Charge Number:

EEOC Form 5A (October 2017)

| | |
|---|---|
| **Personal Information** | First Name: HERMAN  MI: _____ Last Name: HOLLAND, JR. <br> Address: 6748 BANNING DRIVE  Apt.: _____ <br> City: OAKLAND  County: ALAMEDA  State: CA  Zip Code: 94611 <br> Phone: 415-577-4999 Home ☐  Work ☐  Cell ☒  Email: hermholland2@gmail.com |
| **Who do you think discriminated against you?** | Employer ☒  Union ☐  Employment Agency ☐  Other Organization ☐ <br> Organization Name: Whole Foods Market, Inc. <br> Address: 1025 Gilman Street  Suite: _____ <br> City: Berkeley  State: CA  Zip Code: 94710  Phone: 510-809-8243 |
| **Why you think you were discriminated against?** | Race ☒  Color ☒  Religion ☐  Sex ☐  National Origin ☐  Age ☒ <br> Disability ☒  Genetic Information ☐  Retaliation ☒  Other ☒ (specify) HARASSMENT |
| **What happened to you that you think was discriminatory?** | Date of <u>most recent job action</u> you think was discriminatory: 10-06-2022 <br> Also describe briefly <u>each job action</u> you think was discriminatory and when it happened (estimate). <br><br> ✳ See Attached Addendum To EEOC Form 5A, Pages 1 to 4 |
| **Signature and Verification** | I understand this charge will be filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address, phone, or email. I will cooperate fully with them in the processing of my charge in accordance with their procedures. <br><br> I understand by signing below that I am filing a charge of employment discrimination with the EEOC. I understand that the EEOC is required by law to give a copy of the charge, which includes my allegations and my name, to the organization named above. I also understand that the EEOC can only investigate charges of job discrimination based on race, color, religion, sex, national origin, age, disability, genetic information, or based on retaliation for filing a charge of job discrimination, participating in an investigation of a job discrimination complaint, or opposing job discrimination. <br><br> **I declare under penalty of perjury that the above is true and correct.** <br> Signature: Herman Holland, Jr.  Date: 10-17-2022 |

HERMAN HOLLAND, JR.
6748 Banning Drive
Oakland, CA 94611
415-577-4499
hermholland2@gmail.com

October 17, 2022

Equal Employment
Opportunity Commission (EEOC)
1301 Clay Street,  Suite 680-North Tower
Oakland, CA 94612-5217

RE:  Herman Holland, Jr.
        Charge #555-2022-02313
        Attached to EEOC Form 5A


## ADDENDUM TO EEOC FORM 5A FOR CHARGE OF DISCRIMINATION AND RETALIATION

EEOC FORM 5A:

"What happened to you that you think was discriminatory?"

"Date of most recent job action you think was discriminatory:"  October 06, 2022

"Also describe briefly each job action you think was discriminatory and when it happened (estimate)."

1.    On August 03, 2022, my accommodation and medical records were transferred from Amazon,
       Inc. to Whole Foods Market, Inc. through a work transition agreement that I signed on July 10,
       2022.

2.    On August 03, 2022, Whole Foods Market Employee Alex Tiegreen, WFM E-Comm Assistant
       Team Leader, discriminated against me when she stated that I needed to request a new
       accommodation from Whole Foods Market.  Whole Foods Market Team Member Services
       denied having my accommodations and medical records from Amazon, Inc., which was a false
       statement.

3.    On August 11, 2022, Whole Foods Employee Laura Slabon, WFM Team Member Services,
       discriminated against me in a meeting when she denied my accommodation.

4.    On August 15, 2022, Whole Foods Market Employee Laura Slabon, WFM Team Member
       Services, discriminated against me when she denied my accommodation and demanded that I
       provide her with my original medical documentation, which had already been provided by
       Amazon, Inc. to Whole Foods Market Team Member Services on August 03, 2022.

5.   On August 24, 2022, Whole Foods Market Employees' Shawn Marshall, WFM Store Team Leader and Laura Slabon discriminated and retaliated against me when they accused me of not working for 59 minutes, which was not true and unsupported, where Laura Slabon again denied my accommodation and insisted that I apply for a Whole Foods Accommodation and submit new medical documentation. Both Whole Foods Employees' engaged in a pattern of retaliation, harassment and discrimination by WFM Team Member Services' refusal to honor my accommodations transferred from Whole Foods' parent company Amazon, Inc., per the written agreement I signed on July 10, 2022.

6.   On September 01, 2022, Whole Foods Employees' Helen Espinosa, WFM Team Member Services, Ryan Poblete, WFM E-Comm Team Leader and Lorenzo Guerrero, WFM Assistant Store Team Leader, agreed to honor my accommodation, with one condition that I agree to cross-train for a different position other than as a WFM Shopper. At that meeting Ryan Poblete agreed he would schedule me to work Tuesday, Wednesday and Thursday.

7.   On September 02, 2022, Whole Foods Employee Helen Espinosa, WFM Team Member Services, emailed me a written "Summary of Our Conversation", which stated "2. Ryan agreed that he can still schedule you Tuesday, Wednesday and Thursday,...", which included an agreement to meet on September 08, 2022 to discuss Whole Foods request to have me cross-train for another position at WFM.

8.   On September 08, 2022, Whole Foods Employees' Helen Espinosa, WFM Team Member Services and Lorenzo Guerrero, WFM Assistant Store Team Leader requested that I agree to cross-train. I asked Mrs. Espinosa if it was a request or a demand and Mrs. Espinosa said it was a request and not a demand. I said no that I did not agree to be cross-trained and that I would remain as a WFM Shopper only. Mrs. Espinosa said she was not sure they would have work for me and if there was no work, they would send me home with out pay. I informed her that her actions were retaliatory, discriminatory and a wage and hour violation, and I would be forced to file a complaint with the EEOC or the California Labor Board.

9.   After the September 08, 2022, meeting I was forced to work in a hostile work environment, suffer constant harassment, constant retaliation and violation of my civil rights. Whole Foods Market Employee Ryan Poblete, WFM E-Comm Team Leader was refusing to post my accommodation schedule for Tuesday, Wednesday and Thursday, 10:30 am to 3:30 pm, for a total 5 hours per shift, as he had agreed to on September 01, 2022; Mr. Poblete sometimes giving me one or two shifts and sometimes not scheduling me for work at all, which was a clear violation of my accommodation and my civil rights, which left me with no choice, but to file a complaint for job discrimination.

10.   On September 28, 2022, I filed an EEOC Inquiry, Charge Number 555-2022-02313 as a complaint against Whole Foods Market, for a charge of discrimination, based on my Race (African-American), Age (72 years old), Color (Black), Disabilities (Legally Blind Left Eye, Glaucoma Right Eye, Type 2 Diabetes and Hypertension/High Blood Pressure), Harassment and Retaliation, because I complained to my employer Whole Foods Market, Inc. about job discrimination for failure to honor and grant my accommodations transferred and transitioned from Amazon, Inc. to Whole Foods Market per a written agreement and for demanding that I cross-train to a different job position other than WFM Shopper.

2,

11. On September 29, 2022, I complained to Whole Foods Market's Store Team Leader Shawn Marshall, about job discriminatory actions caused by Helen Espinosa, WFM Team Member Services and Ryan Poblete, WFM E-Comm Team Leader, who were not complying with the agreement and was not scheduling my accommodation schedule, but was in fact only scheduling me one 4 hour Shift a week, instead of 3 Shifts a week for a total of 15 hours per week.

12. On October 06, 2022, I agreed to a video conference meeting with Helen Espinosa, WFM Team Member Services and Shawn Marshall, WFM Store Team Leader; Kelli Patillo, WFM Assistant Store Leader, who was physically present with me in a work conference room;

I requested that my accommodation work schedule be posted as we agreed on September 01, 2022 and was confirmed in writing per Mrs. Espinosa's email dated September 02, 2022; Mrs Espinosa said my accommodation was not guaranteed and since I refused to be cross-trained for a different job position and was not willing to submit new medical documentation regarding my medical limitations, Whole Foods Market was not granting my accommodation work schedule. I informed all of the Whole Foods Market Leadership Employees that their actions were a violation of job discrimination and that I had filed a complaint with the EEOC, regarding their actions;

Shortly after that meeting a WFM Assistant Team Member, who did not want to be named in my complaint, said that WFM E-Comm Leadership was going to start posting for me, one shift every other week, which would be a total of two 4 hour Shifts a month, but as of today October 17, 2022, I'm getting one 4 hour Shift a week. If this action is taken in November 2022, this action will be retaliatory and job discrimination.

13. My accommodation work schedule is 3 work days a week, 5 hour per Shift, for a total of 15 hours a week, 12 work days a month, for a total 60 hours per month.

14. Whole Foods Market is presently giving me 1 work day a week, at 4 hours per day for a total of 16 hours a month, and coming this November 2022, that will change to 2 Shifts a month for a total of 8 hours per month. Whole Foods Market's job discrimination and retaliation is causing Mr. Holland to suffer a wage loss, and is suffering with depression and emotional distress.

15. Whole Foods Market actions are discriminatory and retaliatory and a violation of the civil rights act, where Whole Foods Market is retaliating, harassing and discriminating against Mr. Holland based on his disabilities, age, race and color. Whole Foods Market is not allowing him to work and not placing him on his approved schedule to work every Tuesday, Wednesday and Thursday, from 10:30 am to to 3:30 pm for a total of 5 hours per shift. And when Mr. Holland does have a scheduled shift, Whole Foods Leadership Team makes him watch training videos instead of performing duties as Whole Foods Market Shopper, thereby causing him to suffer eye fatigue and temporary loss of vision.

16. I believe that I am being discriminated against based on my disabilities, age, race, color (African American/Black) and retaliated against for participating in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended. I further believe I am being denied reasonable accommodations in violation of Title I of the (ADA) American with Disabilities Act of 1990, as amended and (ADEA) Age Discrimination Employment Act, as amended.

## REQUEST A NOTICE OF RIGHT TO SUE

I, HERMAN HOLLAND, JR. hereby declare that I request a notice of right to sue Whole Foods Market Inc. based on the charge stated as follows:

This charge is filed under Title VII, discrimination based on race, and under Title I, the Americans with Disabilities Act (ADA) and (ADEA) Age Discrimination in Employment Act.

I declare under the penalty of perjury under the laws of State of California, under the Federal laws of the United States of America, that the foregoing information is true and correct.

*Herman Holland, Jr.*

HERMAN HOLLAND, JR.
Dated: October 17, 2022

# EXHIBIT "C"

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Oakland Local Office
1301 Clay Street, Suite 680-N
Oakland, CA 94612
(510) 956-0004
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
### (This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 10/26/2022

**To:** Mr. Herman Holland Jr.
6748 Banning Drive
OAKLAND, CA 94611
Hermholland2@gmail.com

Charge No: 555-2022-02313

EEOC Representative and email:      Susan Riemenschneider
Investigative Support Assistant
Susan.Riemenschneider@eeoc.gov

## DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 555-2022-02313.

On behalf of the Commission,

**Steven Hunt**    Digitally signed by Steven Hunt
Date: 2022.10.26 16:50:58 -07'00'

Steven Hunt
Local Director

**Cc:**
Heather Stern
Whole Foods Market
901 E. 5th Street Suite 100
Austin, TX 78703
Legal@wholefoods.com

Please retain this notice for your records.



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Department of Fair Employment & Housing

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
www.dfeh.ca.gov | contact.center@dfeh.ca.gov

| | |
|---|---|
| EEOC Number: | 555-2022-02313 |
| Case Name: | Mr. Herman Holland Jr. v. Whole Foods Market |
| Filing Date: | October 20, 2022 |

### NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being dual filed with the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

The EEOC is responsible for the processing of this complaint and the DFEH will not be conducting an investigation into this matter. Please contact the EEOC directly for any discussion of the complaint or the investigation.

### NOTICE TO COMPLAINANT OF RIGHT TO SUE

This letter is also your Right to Sue notice. **This Right to Sue Notice allows you to file a private lawsuit in State court.** According to Government Code section 12965, subdivision (c)(1)(C), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior Court. Government Code section 12965, subdivision (c)(1)(C), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (e)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed.

Be advised, the DFEH does not retain case records beyond three years after a complaint is filed.

DFEH-200-02 (Rev. 02/2022)